962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AETNA LIFE INSURANCE COMPANY, a foreign corporation,
Defendant-third-party-plaintiff-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Third-party-defendant-Appellee.
 No. 91-15180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1992.
Decided April 30, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises from Shawna Blondek's action seeking 24-hour medical care under an ERISA group health policy from her insurer, Aetna Life Insurance Company ("Aetna"). After Blondek filed her action, Aetna joined Provident Life Insurance Company ("Provident") as a third-party defendant. Aetna sought indemnification from Provident in the event 24-hour treatment was "medically necessary", claiming Provident was responsible as the primary insurance carrier.
 
 
 3
 Aetna disputed Blondek's claimed need for 24-hour care in its answer, in its third-party claim against the primary insurer, Provident, and in other pretrial documents. A few days before trial, Aetna entered into a settlement agreement with Blondek and agreed to provide her with 24-hour care. On the day of trial, upon Provident's Fed.R.Civ.P. 12(c) motion, the district court concluded Aetna was bound by its judicial admission that 24-hour care for Blondek was not "medically necessary", and granted judgment on the pleadings to Provident. Aetna filed this appeal. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 
 4
 A judgment on the pleadings is reviewed de novo. See 3550 Stevens Creek Assoc. v. Barclays Bank of California, 915 F.2d 1355, 1357 (9th Cir.1990), cert. denied, 111 S. ct. 2014 (1991). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. See also Fed.R.Civ.P. 12(c).
 
 
 5
 Federal Rule of Civil Procedure 8(e)(2) provides in relevant part:
 
 
 6
 A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.... A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.
 
 
 7
 Normally, we will not permit one pleading to be read as a judicial admission against an alternative or inconsistent pleading in the same case. Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir.), cert. denied, 473 U.S. 934 (1985). "[A] policy which permits one claim to be invoked as an admission against an alternative or inconsistent claim would significantly restrict, if not eliminate, the freedom to plead inconsistent claims provided by Rule 8(e)(2)." Id.; accord McCalden v. California Library Ass'n, No. 88-5727, slip op. at 856 (9th Cir. January 24, 1992).
 
 
 8
 In its third-party complaint, Aetna alleged: "If, in fact, skilled nursing care for Shawna Blondek is medically necessary, covered under the Aetna policy, it is also covered under the Provident policy and Provident should be paying the benefits." This is a form of hypothetical pleading contemplated and authorized by Rule 8(e)(2). Additionally, Aetna admitted in its answer that two hours per day of care would be covered under the policy. Aetna was in a not all too uncommon position of having to fend off an action by the insured, while attempting to ensure indemnification from a third-party.
 
 
 9
 Prior to reaching the settlement with Blondek, Aetna agreed to provide coverage for her continuing medical needs pending resolution of the lawsuit. Following a determination by the district court that Provident was the primary insurance carrier, Aetna settled its lawsuit with Blondek. By settling, Aetna assumed the risk of proceeding to trial to prove the necessity for the 24-hour care. This was a completely legitimate strategy by Aetna. Aetna must now be permitted to proceed to trial and attempt to prove that 24-hour care for Blondek is medically necessary. As the primary insurance carrier, Provident is only required to indemnify Aetna to the extent Aetna is able to prove there is coverage under Provident's policy.
 
 
 10
 Under Ariz.Rev.Stat. § 12-341.01, Aetna is entitled to an award of reasonable attorneys' fees on appeal. The judgment of the district court, including the award of reasonable attorneys' fees and taxable costs to Provident, is reversed.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3